274 So.2d 514 (1973)
Lillie Mae JOHNSON, Petitioner,
v.
SHELBY MUTUAL INSURANCE COMPANY et al., Respondents.
No. 42706.
Supreme Court of Florida.
February 7, 1973.
Rehearing Denied April 3, 1973.
*515 James C. Fisher, Altamonte Springs, for petitioner.
Whittaker, Pyle & Stump, Orlando, and Kenneth H. Hart, Jr., Tallahassee, for respondents.
ERVIN, Justice.
We have a petition to review by certiorari a decision of the Industrial Relations Commission reversing a workmen's compensation benefit order of the Judge of Industrial Claims.
Claimant, Lillie Mae Johnson, sustained a compensable accident in her employment on February 28, 1969. The Judge of Industrial Claims found that claimant's average weekly wage was $65. She is approximately thirty-nine years old with an eighth grade education. She has only worked as a short-order cook and as a maid. Evidence on behalf of claimant indicated she has been temporarily totally disabled since her industrial accident; that she desired vocational rehabilitation and medical treatment by her doctor, F. DeWitt Stanford; that she had an injury to the body as a whole resulting from uneven gait which resulted from the accident, a severe knee injury.
After due hearing and production of evidence upon claim for benefits, the Judge specifically found in his compensation order "The undersigned observed the claimant walk and she walked with a marked limp. The undersigned heard the testimony of the claimant and her witnesses as well as carefully read the evidence and medical reports and depositions of Dr. [James B.] Madison, Dr. F. DeWitt Stanford and Dr. Carl Croft. Insofar as these are conflicting, the undersigned accepts the opinion of Dr. F. DeWitt Stanford insofar as claimant's need for vocational rehabilitation and rejects any conflicts contained thereon as to the opinion of Drs. Croft or Madison contained in their depositions ..." "... Dr. Stanford testified ... that based upon reasonable medical certainty ... upon his examination and upon hypothetical questions raised to him by counsel concerning that examination and not pertaining to any history whatsoever related to him by claimant that claimant had sustained a sprain of the iliolumbar ligament and that she had in fact sustained an injury to the body as a whole as a direct result of an altered gait resulting from the injury to her knee. I accept Dr. Stanford's testimony and reject any inconsistencies or conflicts in any other portions of the evidence ..."
"It is the finding of fact of the undersigned that claimant has been temporarily totally disabled and continues to be totally disabled since the date of her accident of Feb. 28, 1969 and said disability is directly *516 attributable to the accident of Feb. 28, 1969."
The Judge found that injury resulted "to the body as a whole and may result in some permanent disability when claimant reaches maximum medical improvement." He directed the employer-carrier pay claimant temporary total disability benefits until she reaches maximum medical improvement; and directed that she receive vocational rehabilitation. He granted her medical care under Dr. Stanford.
The Industrial Relations Commission reversed the Judge of Industrial Claims. Its order merely sets forth employer-carrier's questions for review and then follows these general conclusions:
"A review of the order does not reveal findings of fact sufficient to resolve the above stated issues; nor does the record support the findings, therefore we are not able intelligently to review the order upon the record. Accordingly, we must reverse the order and remand the cause to a Judge so that such proceedings which are necessary may be had."
We have carefully read the transcript of evidence, including the medical reports, and conclude that it lay within the province of the Judge of Industrial Claims to make the stated findings and order thereon. The same should be affirmed under the authority of U.S. Casualty Company v. Maryland Casualty Co., Fla., 55 So.2d 741.
It is quite obvious that at the time of hearing claimant was incapacitated because of her knee injury and was then unable to work. Dr. Stanford recommended that claimant receive vocational rehabilitation and medical care. In view of claimant's continued physical disability and economic need for vocational training for work other than that of a short-order cook or maid, we find nothing improper in the Judge of Industrial Claims' order.
The Industrial Commission in its order of reversal specifies no insufficiency in the evidence relied on by the Judge of Industrial Claims for his findings. Instead, it is content to state its conclusions in general language. We are unable to find the basis for its conclusions in the evidence or in the order of the Judge of Industrial Claims.
The order of the Commission is reversed with instructions to reinstate the order of the Judge of Industrial Claims.
ROBERTS, Acting C.J., BOYD, McCAIN and DEKLE, JJ., and DREW, J. (Retired), concur.